# Exhibit 1

Civil Actions

# Case Summary

### Case No. 2024-CAB-006715

| | | |
|---|---|---|
| **Brooke Howell v. ACS Publications Inc. et al.** | §<br>§<br>§ | Location: **Civil Actions**<br>Judicial Officer: **Scott, Ebony M**<br>Filed on: **10/23/2024** |

---

## Case Information

| | |
|---|---|
| Case Type: | Employment Dispute |
| Subtype: | Discrimination |
| Case Status: | **10/23/2024**   **Open** |

---

## Assignment Information

**Current Case Assignment**

| | |
|---|---|
| Case Number | 2024-CAB-006715 |
| Court | Civil Actions |
| Date Assigned | 10/23/2024 |
| Judicial Officer | Scott, Ebony M |

---

## Party Information

*Lead Attorneys*

**Plaintiff**     **Howell, Brooke**

4600 Madison AVE
STE 810
Kansas City , MO 64112

**Joseph Goodson, Tiffany**
*Retained*
202-919-5952(W)
HKM Employment Attorneys LLP
1325 G Street NW
Suite 552
WASHINGTON, DC 20005
tjosephgoodson@hkm.com

**Defendant**     **ACS International**

1800 M ST Northwest

STE 450N
Washington , DC 20036

**ACS INTL LTD LLC**

131 Continental DR
STE 301
Newark , DE 19713

**ACS Limited International Inc.**

131 Continental DR
STE 301
Newark , DE 19713

**ACS Publications Inc.**

251 Littile Falls DR
Wilmington , DE 19808

**American Chemical Society**

1800 M ST Northwest
STE 450N
Washington, DC 20036

---

# Events and Orders of the Court

---

10/23/2024    

Complaint Filed
 Docketed on:   10/24/2024
 Filed by:   Plaintiff Howell, Brooke

10/24/2024    

Initial Order [Remote]    (Judicial Officer: Scott, Ebony M)

10/24/2024    Notice

12/03/2024    

Miscellaneous Docket
 *Rejection of Service of Process*
 Docketed On:   12/03/2024
 Filed By:   Defendant ACS Publications Inc.

12/20/2024    

Affidavit/Declaration of Service of Summons and Complaint
 Docketed On:   12/21/2024
 Filed By:   Plaintiff Howell, Brooke
 Served On:   Defendant ACS International

12/20/2024   
   Affidavit/Declaration of Service of Summons and Complaint
      Docketed On:  12/21/2024
      Filed By:   Plaintiff Howell, Brooke
      Served On:   Defendant ACS Limited International Inc.

12/20/2024   
   Affidavit/Declaration of Service of Summons and Complaint
      Docketed On:  12/21/2024
      Filed By:   Plaintiff Howell, Brooke
      Served On:   Defendant ACS Publications Inc.

12/20/2024   
   Affidavit/Declaration of Service of Summons and Complaint
      Docketed On:  12/21/2024
      Filed By:   Plaintiff Howell, Brooke
      Served On:   Defendant American Chemical Society

01/24/2025   
   **Remote Initial Scheduling Conference**   (9:30 AM)   (Judicial Officer: Scott, Ebony M)

---

## Financial Information

**Plaintiff**    Howell, Brooke
Total Financial Assessment                              120.00
Total Payments and Credits                             120.00
**Balance Due as of 01/02/2025**                       **0.00**

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Brooke Howell
_____
                                                        Plaintiff

vs.                                                                                              Case Number    **2024-CAB-006715**

American Chemical Society
_____
                                                        Defendant

### SUMMONS

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Tiffany Joseph Goodson
_____
Name of Plaintiff's Attorney

1325 G Street, NW Suite 558
_____
Address
Washington, DC 20005
_____
(202) 919-5952
_____
Telephone

                    _Clerk of the Court_

By  _____
                    Deputy Clerk

Date            **October 24, 2024**

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202)879-4828로 전화주세요      የአማርኛ ትርጉም ለማግኘት (202) 879-4828      ይደውሉ

        IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                                    Super. Ct. Civ. R. 4



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
DIVISIÓN CIVIL
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

Brooke Howell
_____
                                  Demandante
        contra

                                                    Número de Caso:  2024-CAB-006715

American Chemical Society. et al.
_____
                                  Demandado

**CITATORIO**

Al susodicho Demandado:

        Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

        A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Tiffany Joseph Goodson
_____
Nombre del abogado del Demandante                    *SECRETARIO DEL TRIBUNAL*

1325 G Street. NW Suite 558
_____    Por: _____
Dirección                                                              Subsecretario
Washington. DC 20005

(202) 919-5952
_____    Fecha  **10/24/2024**
Teléfono

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

한국어로 번역을 원하면 (202)879-4828로 연락 주십시오.        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

        IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

        Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedirayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                        Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**Civil Division - Civil Actions Branch**
**500 Indiana Ave NW, Room 5000, Washington DC 20001**
**202-879-1133 | www.dccourts.gov**

**Case Number:** 2024-CAB-006715

**Case Style:** Brooke  Howell v. ACS Publications Inc.  et al.

**INITIAL ORDER**

| Initial Hearing Date: | Initial Hearing Time: | Courtroom Location: |
|---|---|---|
| Friday, 01/24/2025 | 9:30 AM | Remote Courtroom 219 |
| **Please see attached instructions for remote participation.** | | |
| Your case is assigned to Associate Judge Ebony M Scott. | | |

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

1) This case is assigned to the judge and calendar designated above. All future filings in this case shall bear the calendar number and judge's name along with the case number in the caption.

2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of the summons, the complaint, and this Initial Order. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4.

3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

4) At the time stated above, all counsel and unrepresented parties shall participate in a hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients before the hearing whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this hearing.

5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference once, with the consent of all parties, to either of the two succeeding days when the calendar is called. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date. No other continuance will be granted except upon motion for good cause shown.

6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order.  Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Milton C. Lee, Jr.

**To Join by Computer, Tablet, or Smartphone:**

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb219

   Meeting ID: 129 315 2924

2) When you are ready, click "Join Meeting".
3) You will be placed in the lobby until the courtroom clerk gives you access to the hearing.

**Or to Join by Phone:**

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
2) Enter the Webex Meeting ID listed above followed by "##"

**Resources and Contact Information:**

1) For best practices on how to participate in Webex Meetings, click here https://www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch Clerk's Office at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

## ACCESSIBILITY AND LANGUAGE ACCESS

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call 202-879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services:**

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office listed for your case. For more information, visit https://www.dccourts.gov/language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría de su caso.

Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

## የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች:

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎሙላቸው መጠየቅ ይችላሉ። የቃል ወይም የጽሑፍ ትርጓሜ ለመጠየቅ እባክዎን በመዝገብዎ የተዘረዘሩ የጸሀፊ ቢሮ (ክለርክስ አፊስ) ያናግሩ። ለተጨማሪ መረጃ https://www.dccourts.gov/language-access ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

# Tips for Attending Remote Hearings - Civil Division

*Your court hearing may be held remotely. This means that you will participate by phone or by video conference instead of coming to the courthouse. Here are some tips on how to prepare.*

## How do I know if I have a remote hearing?

The Court will contact you to tell you that your hearing is remote. They may contact you by sending you an email, letter in the mail, or by calling you.



## How do I take part in a remote hearing?

The Court will give you step-by-step instructions on how to take part in the remote hearing.

If you lose your written notice, call the Civil Actions Clerk's Office for instructions at:

 202-879-1133

## Is there anything that I should do before the day of the hearing?

- Let the court know immediately if you cannot join a hearing because you do not have a phone or computer.

  📞 Civil Actions Clerk's Office: 202-879-1133

- You may want to contact an attorney for legal help.
- You can also find the list of legal services providers at www.dccourts.gov/services/represent-yourself by clicking on the link that says, "List of Legal Service Providers for Those Seeking an Attorney or Legal Advice".
- Evidence: if you want the judge to review photos or documents, ask the judge how to submit your evidence.
- Witnesses: tell the judge if you want a witness to testify at your hearing.
- Accommodations & Language Access: let the court know if you need an interpreter or other accommodation for your hearing.

## Tips for the Hearing



- Join the hearing a few minutes early!
- Charge your computer or phone and make sure you have enough minutes to join the call. Find a private and quiet space. If possible, be alone in a room during the hearing. Try to limit distractions as much as possible. If others are in the room with you, ask if they can be quiet during the hearing.
- Mute your microphone when you are not talking. Mute all sounds on your phone or computer.
- Say your name before you speak so the record is clear. Be prepared to identify your role in the hearing (e.g., observer, plaintiff, defendant, witness, etc.).
- Speak slowly and clearly so everyone hears what you are saying.
- Pause before speaking in case there is a lag. Use a headset or headphones if you can. This will free up your hands and sound better.
- Try not to talk over anyone else. Only one person can speak at a time. If you talk while someone else is talking, the judge will not be able to hear you.
- Have all your documents for the hearing in front of you. Have a pen and paper to take notes.
- If you are not ready for your hearing or want to speak with an attorney, you can ask the judge to postpone your hearing for another date.
- If your sound or video freezes during the hearing, use the chat feature or call the Clerk's Office to let them know that you are having technical issues.

## Special Tips for Video Hearings
**(Click here for more information)**



- Download the court's hearing software, WebEx, in advance and do a test run! The Court will provide you with a WebEx link in advance of the hearing.
- Set up the camera at eye level. If you are using your phone, prop it up so you can look at it without holding it.
- Look at the camera when you speak and avoid moving around on the video.
- Wear what you would normally wear to court.
- Sit in a well-lit room with no bright lights behind you.
- If possible, find a blank wall to sit in front of. Remember the judge will be able to see everything on your screen, so pick a location that is not distracting.




# District of Columbia Courts

# Tips for Using DC Courts Remote

The DC Courts have **remote hearing sites** available in various locations in the community to help persons who may not have computer devices or internet service at home to participate in scheduled remote hearings. The Courts are committed to enhancing access to justice for all.

There are six remote access sites throughout the community which will operate: **Monday – Friday, 8:30 am – 4:00 pm.**

**The remote site locations are:**



| | |
|---|---|
| **Remote Site - 1**<br>Balance and Restorative Justice Center<br>1215 South Capitol Street, SW<br>Washington, DC 20003 | **Remote Site - 4**<br>Balance and Restorative Justice Center<br>920 Rhode Island Avenue, NE<br>Washington, DC 20018 |
| **Remote Site - 2**<br>Balance and Restorative Justice Center<br>1110 V Street, SE<br>Washington, DC 20020 | **Remote Site - 5**<br>Reeves Center<br>2000 14th Street, NW, 2nd Floor<br>Community Room<br>Washington, DC 20009 |
| **Remote Site - 3**<br>Balance and Restorative Justice Center<br>118 Q Street, NE<br>Washington, DC 20002 | **Remote Site - 6**<br>Reeves Center<br>2000 14th Street, NW, Suite 300N<br>Office of the Tenant Advocate<br>Washington, DC 20009<br>*** No walk-ins at this location*** |

If you want to use a remote site location for your hearing, call **202-879-1900** or email DCCourtsRemoteSites@dcsc.gov **at least 24 hours before your hearing to reserve a remote access computer station**. If you require special accommodations such as an interpreter for your hearing, please call **202-879-1900 at least 24 hours in advance of your hearing so the Courts can make arrangements**.

**\*You should bring the following items when you come to your scheduled site location\***

1. Your **case number** and any **hyperlinks** provided by the Courts for your scheduled hearing.
2. Any documents you need for the hearing (evidence), including exhibits, receipts, photos, contracts, etc.
3. Materials for notetaking, including pen and paper.

**\*Safety and security measures are in place at the remote sites.**

**Contact information to schedule your remote access computer station:**
Call: **202-879-1900**
Email: DCCourtsRemoteSites@dcsc.gov

# Tribunales del Distrito de Columbia

## Consejos para usar los sitios de audiencia remota de los Tribunales de DC



Los Tribunales de DC disponen de **sitios de audiencia remota** en distintos centros de la comunidad para ayudar a que las personas que no tienen dispositivos informáticos o servicio de Internet en su casa puedan participar en audiencias remotas programadas. Los Tribunales honran el compromiso de mejorar el acceso de toda la población a la justicia.

En toda la comunidad hay seis sitios de acceso remoto que funcionarán de l**unes a viernes, de 8:30 am a 4:00 pm**.

**Los centros de acceso remoto son:**



**Sitio Remoto - 1**
Balance and Restorative Justice Center
1215 South Capitol Street, SW
Washington, DC 20003

**Sitio Remoto - 2**
Balance and Restorative Justice Center
1110 V Street, SE
Washington, DC 20020

**Sitio Remoto - 3**
Balance and Restorative Justice Center
118 Q Street, NE
Washington, DC 20002

**Sitio Remoto - 4**
Balance and Restorative Justice Center
920 Rhode Island Avenue, NE
Washington, DC 20018

**Sitio Remoto - 5**
Reeves Center
2000 14th Street, NW, 2nd Floor
Community Room
Washington, DC 20009

**Sitio Remoto - 6**
Reeves Center
2000 14th Street, NW, Suite 300N
Office of the Tenant Advocate
Washington, DC 20009
*No se puede entrar sin cita previa*

Si desea usar un sitio remoto para su audiencia, llame al **202-879-1900** o envíe un mensaje de correo electrónico a DCCourtsRemoteSites@dcsc.gov **al menos 24 horas antes de la audiencia, para reservar una estación de computadora de acceso remoto.** Si necesita adaptaciones especiales, como un intérprete para la audiencia, llame **al 202-879-1900 al menos 24 horas antes de la audiencia para que los Tribunales puedan hacer los arreglos necesarios.**

**\*Cuando concurra al sitio programado debe llevar los siguientes artículos\***

1. **Su número de caso** y todos los **hipervínculos** que le hayan proporcionado los Tribunales para la audiencia programada.

2. Cualquier documento que necesite para la audiencia (prueba), incluidos documentos probatorios, recibos, fotos, contratos, etc.

3. Materiales para tomar nota, como papel y lápiz.

**\*Los sitios de acceso remoto cuentan con medidas de seguridad y protección.**

**Información de contacto para programar su estación de computadora de acceso remoto:**
Teléfono: **202-879-1900**
Correo electrónico: DCCourtsRemoteSites@dcsc.gov

eFiled
10/23/2024 5:43:58 PM
Superior Court
of the District of Columbia

# IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

BROOKE HOWELL,                                   )
    c/o Keenan & Bhatia, LLC  4600      )
    Madison Ave., Ste. 810              )
    Kansas City, MO  64112              )
                                        )
    *Plaintiff,*                        )
                                        )
    v.                                  )     Civil Action No. ___2024-CAB-006715
                                        )
AMERICAN CHEMICAL SOCIETY,                        )
    *Serve RA:*                         )
    ResAgent, Inc.                      )
    1800 M Street, NW, Ste. 450N        )
    Washington, D.C. 20036              )
                                        )
ACS PUBLICATIONS INC.,                            )
    *Serve RA:*                         )
    The Company Corporation             )
    251 Little Falls Dr.                )
    Wilmington, DE 19808                )
                                        )
ACS INTERNATIONAL,                                )
    *Serve RA:*                         )
    ResAgent, Inc.                      )
    1800 M Street, NW, Ste. 450N        )
    Washington, D.C. 20036              )
                                        )
ACS INTL LTD LLC,                                 )
    *Serve RA:*                         )
    Incorp Services, INC.               )
    131 Continental Dr., Ste. 301       )
    Newark, DE 19713                    )
                                        )
ACS LIMITED INTERNATIONAL                         )
INC.,                                             )
    *Serve RA:*                         )
    Incorp Services, INC.               )

| | |
|---|---|
| 131 Continental Dr., Ste. 301 | ) |
| Newark, DE 19713 | ) |
| | ) |
| *Defendants.* | ) |

## COMPLAINT

Brooke Howell by and through undersigned counsel, alleges the following against the American Chemical Society ("ACS") based upon personal knowledge as to her own acts and observations and based upon information and belief as to all other matters.

## <u>INTRODUCTION</u>

1.      Plaintiff Brooke Howell is a marketing professional who formerly worked for the American Chemical Society, where she was employed for almost seven years. Throughout her career at ACS, she earned promotions, merit pay increases, and excellent performance reviews, and held the position of Senior Marketing Manager within the ACS Publications Inc. — a division of the American Chemical Society.

2.      ACS, a historically male-dominated organization, cultivated a sexist environment that hindered the advancement of women in leadership roles. Despite ACS's public commitment to diversity, equity, inclusion, and respect (DEIR), Ms. Howell repeatedly witnessed and experienced gender discrimination and microaggressions from senior leadership and colleagues.

3.      Ms. Howell consistently advocated for gender equality at ACS, raising concerns about the lack of opportunities for women in senior leadership positions.

4.      Despite ACS's claims of DEIR being a core value, ACS retaliated against Ms. Howell's efforts to address gender inequities and her criticism of their discriminatory practices by placing her on a Performance Improvement Plan. This was done even though there was no deterioration in her performance.

5.      ACS continued to discriminate and retaliate against Ms. Howell. They abruptly terminated her when she returned from a medically advised leave due to a concussion, despite her having met the requirements of the PIP.

## THE PARTIES

6.      Plaintiff Brooke Howell resides in Washington, D.C. and is a citizen of Washington, D.C. She formerly worked for the American Chemical Society.

7.      The American Chemical Society ("ACS") is a non-profit scientific organization incorporated under the laws of Washington, D.C. with its principal place of business in Washington, D.C. It is a citizen of Washington, D.C.

8.      ACS Publications, Inc. ("ACS Publications") is a for-profit scientific journal incorporated under the laws of Delaware with its principal place of business in Washington, D.C. It is a citizen of Delaware.

9.      ACS INTL LTD LC is a for-profit company formed to represent the products and services of ACS internationally. It is incorporated under the laws of Washington, D.C. with its principal place of business in Washington, D.C. It is a citizen of Washington, D.C.

10.     ACS INTL LTD LC is a for-profit company formed to represent the products and services of ACS internationally. It is incorporated under the laws of Delaware with its principal place of business in Washington, D.C. It is a citizen of Delaware.

11.     ACS Limited International INC. is a for-profit company formed to represent the products and services of ACS internationally. It is incorporated under the laws of Delaware with its principal place of business in Washington, D.C. It is a citizen of Delaware.

12.     The corporate defendants are closely interrelated and operate without functional distinction with respect to employees, and jointly employed Ms. Howell, such that the acts of one are the acts of all. Unless otherwise specified here, references to one include the others.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under DC Code § 1-204.31 et seq.  No federal court has subject matter jurisdiction. There is no diversity of citizenship as all parties are citizens of Washington, D.C.

14.     This Court has personal jurisdiction under D.C. Code Chapter 14 because Defendants transacted business within the district, and made contracts within the District, which give rise to the causes of action asserted here.

15.     Venue is proper in this Court. One or more discriminatory acts (specifically, the termination of Brooke Howell) occurred in Washington, D.C. Defendants engage in business in Washington, D.C., and actively market and sell services to customers in the District.

## FACTUAL BACKGROUND

16.     Brooke Howell was hired as a Marketing Manager by the American Chemical Society in 2016. She worked for a division called "ACS Publications," and was responsible for marketing academic journals to authors and readers.

17.     Ms. Howell was a valued and dependable employee. Owing to her hard work and excellent performance, ACS promoted Ms. Howell to the position of Senior Marketing Manager after the first year of her employment.

1.      Throughout her seven-year career with ACS, Ms. Howell was a hard worker and a model employee. Ms. Howell always received "meets" or "exceeds expectations" on each of her yearly evaluations. Whenever she received standard feedback from management, she was praised for taking it well and adjusting accordingly.

2.      Ms. Howell often received merit pay increases and year-end bonuses. Until the events that led to ACS firing her, Ms. Howell had never received any complaints regarding her performance.

3.      The American Chemical Society is a non-profit organization that was founded back in 1876 to advance scientific progress within the Chemistry enterprise.

4.      ACS holds itself to the public as a nonprofit scientific society with the belief that "the pursuit of excellence in the global chemical enterprise is inextricably linked to a commitment to diversity, equity, inclusion, and respect (DEIR)."[1] ACS claims "DEIR" as part of its "core values."[2]

5.      However, it is no secret that chemistry is a male-dominated field and ACS is no different. There was only one woman in the leadership team of

---

[1] American Chemical Society's statement on Diversity, Equity, Inclusion, and Respect (Approved by ACS Board of Directors, August 2024). Available at https://www.acs.org/content/dam/acsorg/about/diversity/deir/resources/acs-deir-statement-2024-letterhead.pdf (Last accessed October 21, 2024).
[2] ACS statement on Diversity, Equity, Inclusion, and Respect (Approved by the ACS Board of Directors, August 2021). Available at https://www.acs.org/content/dam/acsorg/policy/references/2021/acs/202108-deir-statement.pdf (Last accessed October 17, 2024).

ACS Publications. ACS Publications was run by an old-guard of almost exclusively male editors-in-chief who abused their professional staff and dismissed women's perspectives.

6.     This inner circle of predominantly male chemists perpetuated sexist practices within ACS. This culture trickled down the rest of the organization and its burdens accumulated onto the marketing team, which was majority women.

7.     For example, at one conference, Prashant Kamat, editor-in-chief of ACS Energy Letters, told a meeting of the journal's editors and ACS staff how Ms. Howell did her job poorly, and commented on the marketing team's incompetence.

8.     Despite sexist and elitist culture at ACS, Ms. Howell championed women's rights and gender equality at ACS—behavior that was encouraged by the organization's multi-year focus on DEIR. This focus included several staff training sessions led by DEIR consultants on themes such as "speak-up culture," being anti-racist, inclusion, bringing your whole self to work, and psychological safety.

9.     After the Supreme Court overruled Roe v. Wade in June 2022, Thomas M. Connelly (then CEO of American Chemical Society) called an organization-wide meeting. During the meeting, an employee asked whether ACS was going to release a statement about how the Supreme Court's decision

would impact the ACS community. Ms. Connelly stated that he was "not sure" and that Scott Oliphant (Chief Human Resources Officer) was going to "handle it." When Mr. Oliphant took the floor, he said it "didn't make sense" for ACS to release a statement in support of women's reproductive health. He said that, "The issue does not affect the chemical enterprise."

10.    Ms. Howell sent a follow-up email to Mr. Connelly and Rajendra Mukhopadhyay (Senior Vice President of DEIR) regarding the issue. In the email she expressed her frustration and disappointment with ACS's position.

11.    On several occasions Ms. Howell also vocalized her discontent with how senior leadership gave few career opportunities to its women employees. In November of 2022, she spoke out when the leadership of ACS Publications excluded four female senior marketing managers from a series of marketing meetings in Columbus, OH, while inviting the only male senior marketing director.

12.    At the end of 2021 and the first half of 2022, tensions at ACS rose during an executive restructuring. ACS fired its Senior Vice President of Marketing, Sales & Innovation, and its Vice President of Global Marketing & Community Development. ACS eliminated the Senior Vice President role, keeping the Vice President role and its counterpart, the Vice President Global Sales, Business Operations and Analytics.

13.    Wendy Wise was the Senior Director of Journal and marketing at this time. She was a supervisor and the Head of Marketing for ACS Publications. Ms. Wise and another female employee, Ms. Erin Celentano, applied for the Vice President Global Marketing position.

14.    ACS interviewed both of them but the position was still kept open for several months. ACS then suddenly announced that it was filling the position with a man named Matt Chan.

15.    Mr. Chan was an external applicant with far less experience than Ms. Wise. Ms. Howell did not agree with ACS's decision to hire an external male candidate over two women, each of whom held more than a decade of experience at ACS.

16.    Ms. Howell vocalized her disagreement with ACS's decision to fill another senior leadership position with a man to her colleagues. Ms. Wise resigned shortly after ACS denied her the promotion. Ms. Howell used this moment to critique how the publications division, which is majority women, only had one woman in a senior leadership role.

17.    After Ms. Wise left, Mr. Chan promoted one of Ms. Howell's colleagues - Ellie Key - to Ms. Wise's position.

18.    Ms. Key did not like the way Ms. Howell had historically critiqued ACS's treatment and underrepresentation of women.

19.     Ms. Key subscribed to ACS's sexist assumptions that women should be quiet in the workplace and not make waves.

20.     After Ms. Key assumed Ms. Wise's position, she became one of Mr. Chan's direct reports. Ms. Key quickly branded Ms. Howell as a "troublemaker" because she knew that Ms. Howell had spoken up about ACS's discrimination against women in the workplace on several occasions.

21.     Since Ms. Key reported to Mr. Chan, Ms. Howell also worried that Ms. Key would relay how Ms. Howell had advocated for the two women who had "competed" for Mr. Chan's position.

22.     Mr. Chan had discriminated against at least two other women (Brittany Ireland and Suzy Martin) for their connections with one of his previous "competitors," Erin Celentano. He ultimately fired Brittany Ireland, discriminating against her even though she was succeeding in the role.

23.     In August 2022, during Ms. Howell's end-of-Q2 review, Ms. Key remarked, "I'm unhappy with your email response times. You are meeting expectations. But we need to see improvements."

24.     Ms. Howell felt blindsided by this comment as none of her previous supervisors had ever expressed any issues or concerns with her communication. Ms. Howell's email response timing had always been reasonable and consistent throughout her previous six years of employment. Still, she tried to do what Ms. Key asked.

25.    Ms. Howell began working on her responsiveness and organization throughout the rest of the third quarter while also navigating the organization's chaotic restructuring. She increased her overall email response times, often responding within minutes. This was not good enough for Ms. Key.

26.    In October 2022, Ms. Key gave Ms. Howell a "below expectations" review. This was the first time Ms. Howell had received such a review in her entire career with ACS. Ms. Key told her she was not staying on top of her emails, and ACS was putting her on a Performance Improvement Plan ("PIP").

27.    Ms. Howell was stunned. She had done everything ACS and Ms. Wise had asked her to do. The PIP said that Ms. Howell should aim to "over-communicate" with her peers.

28.    For the remainder of 2022, Ms. Howell worked even harder to improve her communication and response times.

29.    At Ms. Howell's end of year review, Ms. Key told Ms. Howell that she had passed her PIP. Ms. Key was pleased with Ms. Howell's improvement. However, Ms. Key also said that Ms. Howell's job would be at risk if she didn't maintain that improvement moving forward.

30.    Ms. Key gave Ms. Howell a rating of "meets expectations" for Q4 and cumulatively for all of 2023.

31.    Ms. Key then promoted one of Ms. Howell's peers, Emma Hedington, to her old position as the Manager, Journal Marketing.

32.    Ms. Hedington was younger than her. She was in her early 30's at the time, while Ms. Howell was 43. Based on Ms. Howell's tenure and qualifications, she should have received the promotion.

33.    Ms. Howell believes that at least one of the reasons ACS put her on the PIP was to make her ineligible for promotion due to her age.

34.    A few weeks later on New Year's Day, Ms. Howell fell while skiing and smacked her head on a hard patch of icy snow. The world went black and she saw stars.

35.    The next morning Ms. Howell felt nauseous and went to the emergency room. The doctor diagnosed her with a concussion and whiplash, and told her to take time off work to rest and recover.

36.    Ms. Howell sent a doctor's note to Ms. Key and Ms. Hedington and told them about the concussion.

37.    When Ms. Howell went to her primary care doctor the next week, Ms. Howell's doctor told her that she needed a longer recovery period because this was her third concussion in less than a decade.

38.    The doctor said that if Ms. Howell did not rest, she ran the risk of permanent brain damage. Ms. Howell's doctor advised her to work part-time hours and slowly return to full-time hours over the next four weeks.

39.     Ms. Howell sent her doctor's orders to Ms. Key. She also texted and emailed her colleagues, and made sure her desk and its workload was covered.

40.     Four weeks after her concussion, Ms. Howell went back to full-time hours at ACS.

41.     Ms. Hedington and Martin Jones (Human Resources Business Partner) sent Ms. Howell an email shortly after she returned. Mr. Jones told Ms. Howell to apply for FMLA to "protect her job."

42.     This was peculiar because she had used her accrued sick time to cover the prior four weeks when she was recovering.

43.     Mr. Jones and Ms. Hedington still forced her to go through an FMLA request process. This was doubly peculiar because at that point in time Ms. Howell was already back working full-time hours. At their insistence, Ms. Howell completed the FMLA process.

44.     In February or March 2024, ACS awarded Ms. Howell a 2% merit increase to her base salary following her end of year review.

45.     Suddenly and without warning, on April 3, 2023, Mr. Jones and Ms. Key invited Ms. Howell to a Zoom meeting. They told her that ACS was firing her because she hadn't kept up the level of performance outlined in her PIP.

46.    Ms. Howell expressed confusion because Ms. Key had told her she had passed the PIP.

47.    When Ms. Key attempted to respond, Mr. Jones cut her off and said "the decision has been made".

48.    At the time of her termination, Ms. Howell was 43 years old.

49.    As a result of Defendants' unlawful conduct, Ms. Howell has suffered loss of income, benefits, and other perquisites of employment, including continuing opportunities for promotion, advancement, recognition and increased compensation.

50.    Defendants' unlawful conduct has also caused Ms. Howell substantial emotional distress with painful physical manifestations.

51.    Ms. Howell filed a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and Office of Human Rights, District of Columbia. That charge is attached as Exhibit A to this Petition and its contents are incorporated in this Complaint as if fully set forth here.

52.    The EEOC completed its administrative processing and issued a right-to-sue letter; Ms. Howell has exhausted her administrative remedies.

53.    Ms. Howell reserves the right to amend this action to raise any appropriate cause of action with relation back to the date of filing.

## COUNT I
## VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT - D.C. CODE CHAPTER 14
## SEX DISCRIMINATION

54.    Ms. Howell repeats and realleges the allegations in this Complaint as if fully set forth herein..

55.    ACS was an employer, and Ms. Howell was an employee within the meaning of the District of Columbia Human Rights Act (DCHRA), D.C. Code Chapter 14.

56.    Ms. Howell is female.

57.    Ms. Howell's sex was the motivating factor in ACS's adverse actions toward her, including but not limited to her termination.

58.    As a direct and proximate result, Ms. Howell has sustained economic and non-economic damages – including but not limited to loss of income and emotional distress – that were foreseeable to ACS.

59.    ACS's conduct intentionally harmed Ms. Howell without just cause, justifying punitive damages.

60.    Ms. Howell respectfully prays that this Court adjudge ACS liable for sex discrimination in violation of the DCHRA, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

## COUNT II
## VIOLATION OF TITLE VII
## 42 U.S.C. § 2000e-2
## SEX DISCRIMINATION

61.     Ms. Howell incorporates each and every foregoing and succeeding paragraph of this Petition as if fully set forth here.

62.     At all times relevant, Ms. Howell was an "employee" of Defendants and a protected person under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e(f).

63.     Ms. Howell is female.

64.     ACS discriminated against Ms. Howell on the basis of her sex, in violation of Title VII.

65.     Ms. Howell's sex was the motivating factor in ACS's adverse actions toward her, including but not limited to her termination in violation of 42 U.S.C. § 2000e-2(a)(1).

66.     Defendants' acts and conduct in violating Title VII were willful and/or committed with reckless disregard for Ms. Howell's protected rights, justifying an award of punitive damages.

67.     As a direct and proximate result of Defendants' willful discriminatory acts and conduct, Ms. Howell suffered and/or continues to suffer lost wages and benefits, emotional distress, and other damages and losses prayed for herein.

68.     Ms. Howell respectfully prays that this Court adjudge ACS liable for sex discrimination in violation of Title VII, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

## COUNT III
### VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT - D.C. CODE CHAPTER 14
### AGE DISCRIMINATION

69.     Ms. Howell repeats and realleges the allegations in this Complaint as if fully set forth herein.

70.     ACS was an employer, and Ms. Howell was an employee within the meaning of the DCHRA, D.C. Code Chapter 14.

71.     Ms. Howell was over the age of 40 and younger than 70 at the time of the operative events set forth here.

72.     Ms. Howell's age was the motivating factor in ACS's adverse actions toward her, including but not limited to her termination.

73.     As a direct and proximate result, Ms. Howell has sustained economic and non-economic damages – including but not limited to loss of income and emotional distress – that were foreseeable to ACS.

74.     ACS's conduct intentionally harmed Ms. Howell without just cause, justifying punitive damages.

75.     Ms. Howell respectfully prays that this Court adjudge ACS liable for age discrimination in violation of the DCHRA, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

**COUNT IV**
**VIOLATION OF THE AGE DISCRIMINATION**
**IN EMPLOYMENT ACT**
**29 U.S.C. § 621 et seq.**
**AGE DISCRIMINATION**

76.     Ms. Howell incorporates each and every foregoing and succeeding paragraph of this Petition as if fully set forth here.

77.     Ms. Howell was an employee, and Defendants were employers, within the meaning and coverage of the Age Discrimination in Employment Act (ADEA).

78.     Ms. Howell was over the age of 40 and younger than 70 at the time of the operative events set forth here.

79.     Ms. Howell's age was the motivating factor in ACS's adverse actions toward her, including but not limited to her termination.

80.     As a direct and proximate result, Ms. Howell has sustained economic and non-economic damages – including but not limited to loss of income and emotional distress – that were foreseeable to ACS.

81.     ACS's conduct intentionally harmed Ms. Howell without just cause, justifying punitive damages.

82.     Ms. Howell respectfully prays that this Court adjudge ACS liable for age discrimination in violation of the ADEA, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

**COUNT V**
**VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN**
**RIGHTS ACT - D.C. CODE CHAPTER 14**
**DISABILITY DISCRIMINATION**

83.     Ms. Howell repeats and realleges the allegations in this Complaint as if fully set forth herein.

84.     ACS was an employer, and Ms. Howell was an employee within the meaning of the DCHRA, D.C. Code Chapter 14.

85.     Ms. Howell was disabled within the meaning of the DCHRA, and / or was regarded as and / or had a record of a disability: concussion.

86.     A concussion limits one or more major life activities and / or major organ systems, including but not limited to the nervous system and motor functions.

87.     Ms. Howell was able to perform the essential functions of her job if she received reasonable accommodation.

88.     ACS failed to provide reasonable accommodation.

89.     Ms. Howell's disability was the motivating factor in ACS's adverse actions toward her, including but not limited to her termination.

90.    As a direct and proximate result, Ms. Howell has sustained economic and non-economic damages – including but not limited to loss of income and emotional distress – that were foreseeable to ACS.

91.    ACS's conduct intentionally harmed Ms. Howell without just cause, justifying punitive damages.

92.    Ms. Howell respectfully prays that this Court adjudge ACS liable for disability discrimination in violation of the DCHRA, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

## COUNT VI
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AMENMDMENT ACT
## 42 U.S.C. § 12101 et seq.
## DISABILITY DISCRIMINATION

93.    Ms. Howell incorporates each and every foregoing and succeeding paragraph of this Petition as if fully set forth here.

94.    Ms. Howell was an employee, and Defendants were employers, within the meaning and coverage of the Americans with Disabilities Act (ADAAA).

95.    Ms. Howell was disabled within the meaning of the ADAAA, and / or was regarded as and / or had a record of a disability: concussion.

96.    A concussion limits one or more major life activities and / or major organ systems, including but not limited to the nervous system and motor functions.

97.    Ms. Howell was able to perform the essential functions of her job if she received reasonable accommodation.

98.    ACS failed to provide reasonable accommodation.

99.    Ms. Howell's disability was the motivating factor in ACS's adverse actions toward her, including but not limited to her termination.

100.    As a direct and proximate result, Ms. Howell has sustained economic and non-economic damages – including but not limited to loss of income and emotional distress – that were foreseeable to ACS.

101.    ACS's conduct intentionally harmed Ms. Howell without just cause, justifying punitive damages.

102.    Ms. Howell respectfully prays that this Court adjudge ACS liable for disability discrimination in violation of the ADAAA, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

## COUNT VII
## VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT - D.C. CODE CHAPTER 14 ASSOCIATIONAL SEX DISCRIMINATION

103.    Ms. Howell repeats and realleges the allegations in this Complaint as if fully set forth herein.

104.    ACS associated Ms. Howell with women. Ms. Howell regularly advocated for other female employees and against the male-dominated culture of ACS.

105.    ACS took adverse action against Ms. Howell, including but not limited to disciplining her, terminating her employment, harassing her, and subjecting her to a hostile work environment.

106.    Ms. Howell's association with women was a motivating factor in ACS's adverse actions toward her, including but not limited to her termination.

107.    As a direct and proximate result of ACS's unlawful actions, Ms. Howell has been damaged and continues to suffer damages, including, without limitation, deprivation of income and benefits, loss of employment opportunities, emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life, and damage to her reputation and career.

108.    ACS's actions were intentional, willful, wanton, malicious, and / or reflect a reckless disregard of Ms. Howell's rights, justifying punitive damages.

109.    Ms. Howell prays that the Court find ACS liable for associational religious discrimination in violation of DCHRA, and grant all relief permitted by law, as set forth in the Prayer in this Complaint.

## COUNT VIII
## VIOLATION OF TITLE VII
## 42 U.S.C. § 2000e-2
## ASSOCIATIONAL SEX DISCRIMINATION

110.    Ms. Howell incorporates each and every foregoing and succeeding paragraph of this Petition as if fully set forth here.

111.    At all times relevant, Ms. Howell was an "employee" of Defendants and a protected person under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e(f).

112.    ACS associated Ms. Howell with women. Ms. Howell regularly advocated for other female employees and against the male-dominated culture of ACS.

113.    ACS took adverse action against Ms. Howell, including but not limited to disciplining her, terminating her employment, harassing her, and subjecting her to a hostile work environment.

114.    Ms. Howell's association with women was the motivating factor in ACS's adverse actions toward her, including but not limited to her termination.

115.    As a direct and proximate result of ACS's unlawful actions, Ms. Howell has been damaged and continues to suffer damages, including, without limitation, deprivation of income and benefits, loss of employment opportunities, emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life, and damage to her reputation and career.

116.    ACS's actions were intentional, willful, wanton, malicious, and / or reflect a reckless disregard of Ms. Howell's rights, justifying punitive damages.

117.    Ms. Howell prays that the Court find ACS liable for associational religious discrimination in violation of Title VII, and grant all relief permitted by law, as set forth in the Prayer in this Complaint.

## COUNT IX
## VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT - D.C. CODE CHAPTER 14
## RETALIATION

118.    Ms. Howell repeats and realleges the allegations in this Complaint as if fully set forth herein.

119.    ACS was an employer, and Ms. Howell was an employee within the meaning of the DCHRA, D.C. Code Chapter 14.

120.    Ms. Howell engaged in protected activity by standing up against misogyny in the workplace.

121.    Ms. Howell also engaged in protected activity by requesting reasonable accommodations to recover from her concussion.

122.    Ms. Howell's protected activity was the motivating factor in ACS's adverse actions toward her, including but not limited to ACS firing her.

123.    As a direct and proximate result, Ms. Howell has sustained economic and non-economic damages – including but not limited to loss of income and emotional distress – that were foreseeable to ACS.

124.    ACS's conduct intentionally harmed Ms. Howell without just cause, justifying punitive damages.

125.    Ms. Howell respectfully prays that this Court adjudge ACS liable for retaliation in violation of the DCHRA, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

## COUNT X
## VIOLATION OF TITLE VII, THE ADAAA, AND THE ADEA
### 42 U.S.C. § 2000e-2; 42 U.S.C. § 12101 et seq.; 29 U.S.C. § 621 et seq.
### RETALIATION

126.    Ms. Howell repeats and realleges the allegations in this Complaint as if fully set forth herein.

127.    ACS was an employer, and Ms. Howell was an employee within the meaning of Title VII, the ADAAA, and ADEA.

128.    Ms. Howell engaged in protected activity by standing up against misogyny in the workplace.

129.    Ms. Howell also engaged in protected activity by requesting reasonable accommodations to recover from her concussion.

130.    Ms. Howell's protected activity was the motivating factor in ACS's adverse actions toward her, including but not limited to ACS firing her.

131.    As a direct and proximate result, Ms. Howell has sustained economic and non-economic damages – including but not limited to loss of income and emotional distress – that were foreseeable to ACS.

132.    ACS's conduct intentionally harmed Ms. Howell without just cause, justifying punitive damages.

133.    Ms. Howell respectfully prays that this Court adjudge ACS liable for retaliation in violation of Title VII, the ADAA, and ADEA, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

## PRAYER FOR RELIEF

Ms. Howell respectfully requests that this Court grant judgment for her and order the following relief against Defendants, believed to be in excess of $25,000:

1.      Actual damages, including both economic and non-economic damages, including garden-variety emotional distress damages;

2.      Nominal and/or statutory damages;

3.      Punitive damages;

4.      Pre-judgment and post-judgment interest at the maximum legal rate;

5.      Declaratory and injunctive relief including backpay, reinstatement, and/or frontpay, an order barring Defendants from further violations of the law, deletion of negative personnel references, and adjustment of any amounts awarded for taxation.

6.      The costs of this action;

7.      Reasonable attorney's fees; and

8.      Any other and further legal and/or equitable relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Superior Court Rules of Civil Procedure, Ms. Howell demands a trial by jury of all issues so triable as of right.

Dated: October 23, 2024                Respectfully submitted,

**HKM EMPLOYMENT ATTORNEYS LLP**

*/s/ Tiffany Joseph Goodson*

Tiffany Goodson, DC Bar. No. 481878
1325 G Street NW, Suite 558,
Washington, DC 20005
Tel: (202) 919-5952
tjosephgoodson@hkm.com

-&-

**KEENAN & BHATIA, LLC**

Edward (E.E.) Keenan   (Mo. #62993)
*Pro hac vice forthcoming*
Sonal Bhatia            (Mo. #67519)
*Pro hac vice forthcoming*
4600 Madison Ave. Ste. 810
Kansas City, MO  64112
Tel: (816) 809-2100
ee@keenanfirm.com
sonal@keenanfirm.com

*Attorneys for Plaintiff Brooke Howell*

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH

INFORMATION SHEET

Brooke Howell

_____
Plaintiff(s)

vs

American Chemical Society, ACS Publications Inc., ACS International, ACS INTL LTD LLC, ACS Limited Informa
_____
Defendant(s)

Case Number: _____ 2024-CAB-006715 _____

Date: _October 23, 2024_____

☑ One of the defendants is being sued
in their official capacity.

| Name: *(Please Print)* | Relationship to Lawsuit |
|---|---|
| Tiffany Joseph Goodson | ☑ Attorney for Plaintiff |
| Firm Name: HKM Employment Attorneys LLP | ☐ Self (Pro Se) |
| Telephone No.: (202) 919-5952     DC Bar No.: 481878 | ☐ Other: _____ |

TYPE OF CASE:  ☐ Non-Jury      ☐ 6 Person Jury      ☑ 12 Person Jury

Demand: $ _To be determined_____     Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____     Judge: _____     Calendar #:_____

Case No.:_____     Judge: _____     Calendar #:_____

NATURE OF SUIT:     *(Check One Box Only)*

**CONTRACT**
☐ Breach of Contract
☐ Breach of Warranty
☐ Condo/Homeowner Assn. Fees
☐ Contract Enforcement
☐ Negotiable Instrument

**COLLECTION/INS. SUB**
☐ Debt Collection
☐ Insurance Subrogation
☐ Motion/Application for Judgment by Confession
☐ Motion/Application Regarding Arbitration Award

**EMPLOYMENT DISPUTE**
☐ Breach of Contract
☑ Discrimination
☐ Wage Claim
☐ Whistle Blower
☐ Wrongful Termination

**REAL PROPERTY**
☐ Condo/Homeowner Assn. Foreclosure
☐ Declaratory Judgment
☐ Drug Related Nuisance Abatement

☐ Ejectment
☐ Eminent Domain
☐ Interpleader

☐ Other
☐ Quiet Title
☐ Specific Performance

☐ **FRIENDLY SUIT**
☐ **HOUSING CODE REGULATIONS**
☐ **QUI TAM**
☐ **STRUCTURED SETTLEMENTS**

**ADMINISTRATIVE PROCEEDINGS**
☐ Administrative Search Warrant
☐ App. for Entry of Jgt. Defaulted Compensation Benefits
☐ Enter Administrative Order as Judgment
☐ Libel of Information
☐ Master Meter
☐ Petition Other

☐ Release Mechanics Lien
☐ Request for Subpoena

**MALPRACTICE**
☐ Medical    ☐ Other
☐ Wrongful Death

☐ **APPLICATION FOR INTERNATIONAL FOREIGN JUDGMENT**

**AGENCY APPEAL**
☐ Dangerous Animal Determination
☐ DCPS Residency Appeal
☐ Merit Personnel Act (OEA)
☐ Merit Personnel Act (OHR)
☐ Other Agency Appeal

CV-496/February 2023

# Information Sheet, Continued

**CIVIL ASSET FORFEITURE**
- ☐ Currency
- ☐ Other
- ☐ Real Property
- ☐ Vehicle

**NAME CHANGE/VITAL RECORD AMENDMENT**
- ☐ Birth Certificate Amendment
- ☐ Death Certificate Amendment
- ☐ Gender Amendment
- ☐ Name Change

**TORT**
- ☐ Abuse of Process
- ☐ Assault/Battery
- ☐ Conversion
- ☐ False Arrest/Malicious Prosecution
- ☐ Libel/Slander/Defamation
- ☐ Personal Injury
- ☐ Toxic Mass
- ☐ Wrongful Death (Non-Medical Malpractice)

**GENERAL CIVIL**
- ☐ Accounting
- ☐ Deceit (Misrepresentation)
- ☐ Fraud
- ☐ Invasion of Privacy
- ☐ Lead Paint
- ☐ Legal Malpractice
- ☐ Motion/Application Regarding Arbitration Award
- ☐ Other - General Civil

- ☐ Product Liability
- ☐ Request for Liquidation
- ☐ Writ of Replevin
- ☐ Wrongful Eviction

**CIVIL I/COMPLEX CIVIL**
- ☐ Asbestos

**MORTGAGE FORECLOSURE**
- ☐ Non-Residential
- ☐ Residential

**STATUTORY CLAIM**
- ☐ Anti – SLAPP
- ☐ Consumer Protection Act
- ☐ Exploitation of Vulnerable Adult
- ☐ Freedom of Information Act (FOIA)
- ☐ Other

**TAX SALE FORECLOSURE**
- ☐ Tax Sale Annual
- ☐ Tax Sale Bid Off

**VEHICLE**
- ☐ Personal Injury
- ☐ Property Damage

- ☐ **TRAFFIC ADJUDICATION APPEAL**
- ☐ **REQUEST FOR FOREIGN JUDGMENT**

_/s/ Tiffany Joseph Goodson_

Filer/Attorney's Signature

October 23, 2024

Date

CV-496/February 2023



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Brooke Howell
_____
                                    Plaintiff

                vs.

ACS International
_____    Case Number    2024-CAB-006715
                                    Defendant

### SUMMONS

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Tiffany Joseph Goodson
_____
Name of Plaintiff's Attorney

1325 G Street, NW Suite 558
_____
Address
Washington, DC 20005

(202) 919-5952
_____
Telephone

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202)879-4828로 전화주십시오.        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

_Clerk of the Court_

By _____
                Deputy Clerk

Date _____
                October 24, 2024

        IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                Super. Ct. Civ. R. 4



# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
### Sección de Acciones Civiles
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

Brooke Howell
_____
                                    Demandante
              contra

American Chemical Society, et al.
_____
                                    Demandado

Número de Caso: **2024-CAB-006715**

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Tiffany Joseph Goodson
_____
Nombre del abogado del Demandante

1325 G Street. NW Suite 558
_____
Dirección
Washington. DC 20005

(202) 919–5952
_____
Teléfono

*SECRETARIO DEL TRIBUNAL*

Por: _____
                    Subsecretario

Fecha **10/24/2024**

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bản dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202)879-4828 로 전화주십시오     የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

**IMPORTANTE:** SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedirayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                    Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**Civil Division - Civil Actions Branch**
**500 Indiana Ave NW, Room 5000, Washington DC 20001**
**202-879-1133 | www.dccourts.gov**

**Case Number:** 2024-CAB-006715

**Case Style:** Brooke  Howell v. ACS Publications Inc.  et al.

### INITIAL ORDER

| Initial Hearing Date: | Initial Hearing Time: | Courtroom Location: |
|---|---|---|
| Friday, 01/24/2025 | 9:30 AM | Remote Courtroom 219 |
| **Please see attached instructions for remote participation.** | | |
| Your case is assigned to Associate Judge Ebony M Scott. | | |

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

1) This case is assigned to the judge and calendar designated above. All future filings in this case shall bear the calendar number and judge's name along with the case number in the caption.

2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of the summons, the complaint, and this Initial Order. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4.

3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

4) At the time stated above, all counsel and unrepresented parties shall participate in a hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients before the hearing whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this hearing.

5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference once, with the consent of all parties, to either of the two succeeding days when the calendar is called. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date. No other continuance will be granted except upon motion for good cause shown.

6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order.  Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Milton C. Lee, Jr.

**To Join by Computer, Tablet, or Smartphone:**

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb219

   Meeting ID: 129 315 2924

2) When you are ready, click "Join Meeting".
3) You will be placed in the lobby until the courtroom clerk gives you access to the hearing.

**Or to Join by Phone:**

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
2) Enter the Webex Meeting ID listed above followed by "##"

**Resources and Contact Information:**

1) For best practices on how to participate in Webex Meetings, click here https://www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch Clerk's Office at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

## ACCESSIBILITY AND LANGUAGE ACCESS

**Persons with Disabilities**:

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call 202-879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services**:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office listed for your case. For more information, visit https://www.dccourts.gov/language-access.

**Servicios de interpretación y traducción**:

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría de su caso.

Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች**:

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎሙላቸው መጠየቅ ይችላሉ። የቃል ወይም የጽሑፍ ትርጓሜ ለመጠየቅ እባክዎን በመዝገብዎ የተዘረዘሩን የጸሀፊ ቢሮ (ክለርክስ ኦፊስ) ያነጋሩ። ለተጨማሪ መረጃ https://www.dccourts.gov/language-access ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመስጠት መስጠት ይችላሉ።

# Tips for Attending Remote Hearings - Civil Division

*Your court hearing may be held remotely. This means that you will participate by phone or by video conference instead of coming to the courthouse. Here are some tips on how to prepare.*

## How do I know if I have a remote hearing?

The Court will contact you to tell you that your hearing is remote. They may contact you by sending you an email, letter in the mail, or by calling you.



## How do I take part in a remote hearing?

The Court will give you step-by-step instructions on how to take part in the remote hearing.

If you lose your written notice, call the Civil Actions Clerk's Office for instructions at:

 202-879-1133

## Is there anything that I should do before the day of the hearing?

- Let the court know immediately if you cannot join a hearing because you do not have a phone or computer.

     Civil Actions Clerk's Office: 202-879-1133

- You may want to contact an attorney for legal help.
- You can also find the list of legal services providers at www.dccourts.gov/services/represent-yourself by clicking on the link that says, "List of Legal Service Providers for Those Seeking an Attorney or Legal Advice".
- Evidence: if you want the judge to review photos or documents, ask the judge how to submit your evidence.
- Witnesses: tell the judge if you want a witness to testify at your hearing.
- Accommodations & Language Access: let the court know if you need an interpreter or other accommodation for your hearing.

## Tips for the Hearing



- Join the hearing a few minutes early!
- Charge your computer or phone and make sure you have enough minutes to join the call. Find a private and quiet space. If possible, be alone in a room during the hearing. Try to limit distractions as much as possible. If others are in the room with you, ask if they can be quiet during the hearing.
- Mute your microphone when you are not talking. Mute all sounds on your phone or computer.
- Say your name before you speak so the record is clear. Be prepared to identify your role in the hearing (e.g., observer, plaintiff, defendant, witness, etc.).
- Speak slowly and clearly so everyone hears what you are saying.
- Pause before speaking in case there is a lag. Use a headset or headphones if you can. This will free up your hands and sound better.
- Try not to talk over anyone else. Only one person can speak at a time. If you talk while someone else is talking, the judge will not be able to hear you.
- Have all your documents for the hearing in front of you. Have a pen and paper to take notes.
- If you are not ready for your hearing or want to speak with an attorney, you can ask the judge to postpone your hearing for another date.
- If your sound or video freezes during the hearing, use the chat feature or call the Clerk's Office to let them know that you are having technical issues.

## Special Tips for Video Hearings (Click here for more information)



- Download the court's hearing software, WebEx, in advance and do a test run! The Court will provide you with a WebEx link in advance of the hearing.
- Set up the camera at eye level. If you are using your phone, prop it up so you can look at it without holding it.
- Look at the camera when you speak and avoid moving around on the video.
- Wear what you would normally wear to court.
- Sit in a well-lit room with no bright lights behind you.
- If possible, find a blank wall to sit in front of. Remember the judge will be able to see everything on your screen, so pick a location that is not distracting.




# District of Columbia Courts

# Tips for Using DC Courts Remote

The DC Courts have **remote hearing sites** available in various locations in the community to help persons who may not have computer devices or internet service at home to participate in scheduled remote hearings.  The Courts are committed to enhancing access to justice for all.

There are six remote access sites throughout the community which will operate: **Monday – Friday, 8:30 am – 4:00 pm.**

### The remote site locations are:



| | |
|---|---|
| **Remote Site - 1**<br>Balance and Restorative Justice Center<br>1215 South Capitol Street, SW<br>Washington, DC 20003 | **Remote Site - 4**<br>Balance and Restorative Justice Center<br>920 Rhode Island Avenue, NE<br>Washington, DC 20018 |
| **Remote Site - 2**<br>Balance and Restorative Justice Center<br>1110 V Street, SE<br>Washington, DC 20020 | **Remote Site - 5**<br>Reeves Center<br>2000 14th Street, NW, 2nd Floor<br>Community Room<br>Washington, DC 20009 |
| **Remote Site - 3**<br>Balance and Restorative Justice Center<br>118 Q Street, NE<br>Washington, DC 20002 | **Remote Site - 6**<br>Reeves Center<br>2000 14th Street, NW, Suite 300N<br>Office of the Tenant Advocate<br>Washington, DC 20009<br>*** No walk-ins at this location*** |

If you want to use a remote site location for your hearing, call **202-879-1900** or email DCCourtsRemoteSites@dcsc.gov **at least 24 hours before your hearing to reserve a remote access computer station**.  If you require special accommodations such as an interpreter for your hearing, please call **202-879-1900 at least 24 hours in advance of your hearing so the Courts can make arrangements**.

**\*You should bring the following items when you come to your scheduled site location\***

1.  Your **case number** and any **hyperlinks** provided by the Courts for your scheduled hearing.
2.  Any documents you need for the hearing (evidence), including exhibits, receipts, photos, contracts, etc.
3.  Materials for notetaking, including pen and paper.

**\*Safety and security measures are in place at the remote sites.**

**Contact information to schedule your remote access computer station:**
Call:  **202-879-1900**
Email:  DCCourtsRemoteSites@dcsc.gov

# Tribunales del Distrito de Columbia

## Consejos para usar los sitios de audiencia remota de los Tribunales de DC



Los Tribunales de DC disponen de **sitios de audiencia remota** en distintos centros de la comunidad para ayudar a que las personas que no tienen dispositivos informáticos o servicio de Internet en su casa puedan participar en audiencias remotas programadas. Los Tribunales honran el compromiso de mejorar el acceso de toda la población a la justicia.

En toda la comunidad hay seis sitios de acceso remoto que funcionarán de **lunes a viernes, de 8:30 am a 4:00 pm**.

Los centros de acceso remoto son:



| **Sitio Remoto - 1**<br>Balance and Restorative Justice Center<br>1215 South Capitol Street, SW<br>Washington, DC 20003 | **Sitio Remoto - 4**<br>Balance and Restorative Justice Center<br>920 Rhode Island Avenue, NE<br>Washington, DC 20018 |
| --- | --- |
| **Sitio Remoto - 2**<br>Balance and Restorative Justice Center<br>1110 V Street, SE<br>Washington, DC 20020 | **Sitio Remoto - 5**<br>Reeves Center<br>2000 14th Street, NW, 2nd Floor<br>Community Room<br>Washington, DC 20009 |
| **Sitio Remoto - 3**<br>Balance and Restorative Justice Center<br>118 Q Street, NE<br>Washington, DC 20002 | **Sitio Remoto - 6**<br>Reeves Center<br>2000 14th Street, NW, Suite 300N<br>Office of the Tenant Advocate<br>Washington, DC 20009<br>*No se puede entrar sin cita previa* |

Si desea usar un sitio remoto para su audiencia, llame al 202-879-1900 o envíe un mensaje de correo electrónico a DCCourtsRemoteSites@dcsc.gov **al menos 24 horas antes de la audiencia, para reservar una estación de computadora de acceso remoto**. Si necesita adaptaciones especiales, como un intérprete para la audiencia, llame **al 202-879-1900 al menos 24 horas antes de la audiencia para que los Tribunales puedan hacer los arreglos necesarios.**

**\*Cuando concurra al sitio programado debe llevar los siguientes artículos\***

1. Su **número de caso** y todos los **hipervínculos** que le hayan proporcionado los Tribunales para la audiencia programada.

2. Cualquier documento que necesite para la audiencia (prueba), incluidos documentos probatorios, recibos, fotos, contratos, etc.

3. Materiales para tomar nota, como papel y lápiz.

**\*Los sitios de acceso remoto cuentan con medidas de seguridad y protección.**

**Información de contacto para programar su estación de computadora de acceso remoto:**
Teléfono: **202-879-1900**
Correo electrónico: DCCourtsRemoteSites@dcsc.gov

eFiled
10/23/2024 5:43:58 PM
Superior Court
of the District of Columbia

# IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

BROOKE HOWELL,                                        )
    c/o Keenan & Bhatia, LLC  4600   )
    Madison Ave., Ste. 810            )
    Kansas City, MO  64112            )
                                      )
    *Plaintiff,*                      )
                                      )
    v.                                )    Civil Action No. <u>2024-CAB-006715</u>
                                      )
AMERICAN CHEMICAL SOCIETY,              )
    *Serve RA*:                       )
    ResAgent, Inc.                    )
    1800 M Street, NW, Ste. 450N      )
    Washington, D.C. 20036            )
                                      )
ACS PUBLICATIONS INC.,                  )
    *Serve RA*:                       )
    The Company Corporation           )
    251 Little Falls Dr.              )
    Wilmington, DE 19808              )
                                      )
ACS INTERNATIONAL,                      )
    *Serve RA*:                       )
    ResAgent, Inc.                    )
    1800 M Street, NW, Ste. 450N      )
    Washington, D.C. 20036            )
                                      )
ACS INTL LTD LLC,                       )
    *Serve RA*:                       )
    Incorp Services, INC.             )
    131 Continental Dr., Ste. 301     )
    Newark, DE 19713                  )
                                      )
ACS LIMITED INTERNATIONAL              )
INC.,                                   )
    *Serve RA*:                       )
    Incorp Services, INC.             )

131 Continental Dr., Ste. 301    )
Newark, DE 19713    )
    )
*Defendants.*    )

# COMPLAINT

Brooke Howell by and through undersigned counsel, alleges the following against the American Chemical Society ("ACS") based upon personal knowledge as to her own acts and observations and based upon information and belief as to all other matters.

## INTRODUCTION

1.      Plaintiff Brooke Howell is a marketing professional who formerly worked for the American Chemical Society, where she was employed for almost seven years. Throughout her career at ACS, she earned promotions, merit pay increases, and excellent performance reviews, and held the position of Senior Marketing Manager within the ACS Publications Inc. — a division of the American Chemical Society.

2.      ACS, a historically male-dominated organization, cultivated a sexist environment that hindered the advancement of women in leadership roles. Despite ACS's public commitment to diversity, equity, inclusion, and respect (DEIR), Ms. Howell repeatedly witnessed and experienced gender discrimination and microaggressions from senior leadership and colleagues.

3.      Ms. Howell consistently advocated for gender equality at ACS, raising concerns about the lack of opportunities for women in senior leadership positions.

4.      Despite ACS's claims of DEIR being a core value, ACS retaliated against Ms. Howell's efforts to address gender inequities and her criticism of their discriminatory practices by placing her on a Performance Improvement Plan. This was done even though there was no deterioration in her performance.

5.      ACS continued to discriminate and retaliate against Ms. Howell. They abruptly terminated her when she returned from a medically advised leave due to a concussion, despite her having met the requirements of the PIP.

## THE PARTIES

6.      Plaintiff Brooke Howell resides in Washington, D.C. and is a citizen of Washington, D.C. She formerly worked for the American Chemical Society.

7.      The American Chemical Society ("ACS") is a non-profit scientific organization incorporated under the laws of Washington, D.C. with its principal place of business in Washington, D.C. It is a citizen of Washington, D.C.

8.     ACS Publications, Inc. ("ACS Publications") is a for-profit scientific journal incorporated under the laws of Delaware with its principal place of business in Washington, D.C. It is a citizen of Delaware.

9.     ACS INTL LTD LC is a for-profit company formed to represent the products and services of ACS internationally. It is incorporated under the laws of Washington, D.C. with its principal place of business in Washington, D.C. It is a citizen of Washington, D.C.

10.     ACS INTL LTD LC is a for-profit company formed to represent the products and services of ACS internationally. It is incorporated under the laws of Delaware with its principal place of business in Washington, D.C. It is a citizen of Delaware.

11.     ACS Limited International INC. is a for-profit company formed to represent the products and services of ACS internationally. It is incorporated under the laws of Delaware with its principal place of business in Washington, D.C. It is a citizen of Delaware.

12.     The corporate defendants are closely interrelated and operate without functional distinction with respect to employees, and jointly employed Ms. Howell, such that the acts of one are the acts of all. Unless otherwise specified here, references to one include the others.

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction under DC Code § 1-204.31 et seq.  No federal court has subject matter jurisdiction. There is no diversity of citizenship as all parties are citizens of Washington, D.C.

14.    This Court has personal jurisdiction under D.C. Code Chapter 14 because Defendants transacted business within the district, and made contracts within the District, which give rise to the causes of action asserted here.

15.    Venue is proper in this Court. One or more discriminatory acts (specifically, the termination of Brooke Howell) occurred in Washington, D.C. Defendants engage in business in Washington, D.C., and actively market and sell services to customers in the District.

## FACTUAL BACKGROUND

16.    Brooke Howell was hired as a Marketing Manager by the American Chemical Society in 2016. She worked for a division called "ACS Publications," and was responsible for marketing academic journals to authors and readers.

17.    Ms. Howell was a valued and dependable employee. Owing to her hard work and excellent performance, ACS promoted Ms. Howell to the position of Senior Marketing Manager after the first year of her employment.

1.      Throughout her seven-year career with ACS, Ms. Howell was a hard worker and a model employee. Ms. Howell always received "meets" or "exceeds expectations" on each of her yearly evaluations. Whenever she received standard feedback from management, she was praised for taking it well and adjusting accordingly.

2.      Ms. Howell often received merit pay increases and year-end bonuses. Until the events that led to ACS firing her, Ms. Howell had never received any complaints regarding her performance.

3.      The American Chemical Society is a non-profit organization that was founded back in 1876 to advance scientific progress within the Chemistry enterprise.

4.      ACS holds itself to the public as a nonprofit scientific society with the belief that "the pursuit of excellence in the global chemical enterprise is inextricably linked to a commitment to diversity, equity, inclusion, and respect (DEIR)."[1] ACS claims "DEIR" as part of its "core values."[2]

5.      However, it is no secret that chemistry is a male-dominated field and ACS is no different. There was only one woman in the leadership team of

_____

[1] American Chemical Society's statement on Diversity, Equity, Inclusion, and Respect (Approved by ACS Board of Directors, August 2024). Available at https://www.acs.org/content/dam/acsorg/about/diversity/deir/resources/acs-deir-statement-2024-letterhead.pdf (Last accessed October 21, 2024).
[2] ACS statement on Diversity, Equity, Inclusion, and Respect (Approved by the ACS Board of Directors, August 2021). Available at https://www.acs.org/content/dam/acsorg/policy/references/2021/acs/202108-deir-statement.pdf (Last accessed October 17, 2024).

ACS Publications. ACS Publications was run by an old-guard of almost exclusively male editors-in-chief who abused their professional staff and dismissed women's perspectives.

6.      This inner circle of predominantly male chemists perpetuated sexist practices within ACS. This culture trickled down the rest of the organization and its burdens accumulated onto the marketing team, which was majority women.

7.      For example, at one conference, Prashant Kamat, editor-in-chief of ACS Energy Letters, told a meeting of the journal's editors and ACS staff how Ms. Howell did her job poorly, and commented on the marketing team's incompetence.

8.      Despite sexist and elitist culture at ACS, Ms. Howell championed women's rights and gender equality at ACS—behavior that was encouraged by the organization's multi-year focus on DEIR. This focus included several staff training sessions led by DEIR consultants on themes such as "speak-up culture," being anti-racist, inclusion, bringing your whole self to work, and psychological safety.

9.      After the Supreme Court overruled Roe v. Wade in June 2022, Thomas M. Connelly (then CEO of American Chemical Society) called an organization-wide meeting. During the meeting, an employee asked whether ACS was going to release a statement about how the Supreme Court's decision

would impact the ACS community. Ms. Connelly stated that he was "not sure" and that Scott Oliphant (Chief Human Resources Officer) was going to "handle it." When Mr. Oliphant took the floor, he said it "didn't make sense" for ACS to release a statement in support of women's reproductive health. He said that, "The issue does not affect the chemical enterprise."

10.    Ms. Howell sent a follow-up email to Mr. Connelly and Rajendra Mukhopadhyay (Senior Vice President of DEIR) regarding the issue. In the email she expressed her frustration and disappointment with ACS's position.

11.    On several occasions Ms. Howell also vocalized her discontent with how senior leadership gave few career opportunities to its women employees. In November of 2022, she spoke out when the leadership of ACS Publications excluded four female senior marketing managers from a series of marketing meetings in Columbus, OH, while inviting the only male senior marketing director.

12.    At the end of 2021 and the first half of 2022, tensions at ACS rose during an executive restructuring. ACS fired its Senior Vice President of Marketing, Sales & Innovation, and its Vice President of Global Marketing & Community Development. ACS eliminated the Senior Vice President role, keeping the Vice President role and its counterpart, the Vice President Global Sales, Business Operations and Analytics.

13.    Wendy Wise was the Senior Director of Journal and marketing at this time. She was a supervisor and the Head of Marketing for ACS Publications. Ms. Wise and another female employee, Ms. Erin Celentano, applied for the Vice President Global Marketing position.

14.    ACS interviewed both of them but the position was still kept open for several months. ACS then suddenly announced that it was filling the position with a man named Matt Chan.

15.    Mr. Chan was an external applicant with far less experience than Ms. Wise. Ms. Howell did not agree with ACS's decision to hire an external male candidate over two women, each of whom held more than a decade of experience at ACS.

16.    Ms. Howell vocalized her disagreement with ACS's decision to fill another senior leadership position with a man to her colleagues. Ms. Wise resigned shortly after ACS denied her the promotion. Ms. Howell used this moment to critique how the publications division, which is majority women, only had one woman in a senior leadership role.

17.    After Ms. Wise left, Mr. Chan promoted one of Ms. Howell's colleagues - Ellie Key - to Ms. Wise's position.

18.    Ms. Key did not like the way Ms. Howell had historically critiqued ACS's treatment and underrepresentation of women.

19.    Ms. Key subscribed to ACS's sexist assumptions that women should be quiet in the workplace and not make waves.

20.    After Ms. Key assumed Ms. Wise's position, she became one of Mr. Chan's direct reports. Ms. Key quickly branded Ms. Howell as a "troublemaker" because she knew that Ms. Howell had spoken up about ACS's discrimination against women in the workplace on several occasions.

21.    Since Ms. Key reported to Mr. Chan, Ms. Howell also worried that Ms. Key would relay how Ms. Howell had advocated for the two women who had "competed" for Mr. Chan's position.

22.    Mr. Chan had discriminated against at least two other women (Brittany Ireland and Suzy Martin) for their connections with one of his previous "competitors," Erin Celentano. He ultimately fired Brittany Ireland, discriminating against her even though she was succeeding in the role.

23.    In August 2022, during Ms. Howell's end-of-Q2 review, Ms. Key remarked, "I'm unhappy with your email response times. You are meeting expectations. But we need to see improvements."

24.    Ms. Howell felt blindsided by this comment as none of her previous supervisors had ever expressed any issues or concerns with her communication. Ms. Howell's email response timing had always been reasonable and consistent throughout her previous six years of employment. Still, she tried to do what Ms. Key asked.

25.     Ms. Howell began working on her responsiveness and organization throughout the rest of the third quarter while also navigating the organization's chaotic restructuring. She increased her overall email response times, often responding within minutes. This was not good enough for Ms. Key.

26.     In October 2022, Ms. Key gave Ms. Howell a "below expectations" review. This was the first time Ms. Howell had received such a review in her entire career with ACS. Ms. Key told her she was not staying on top of her emails, and ACS was putting her on a Performance Improvement Plan ("PIP").

27.     Ms. Howell was stunned. She had done everything ACS and Ms. Wise had asked her to do. The PIP said that Ms. Howell should aim to "over-communicate" with her peers.

28.     For the remainder of 2022, Ms. Howell worked even harder to improve her communication and response times.

29.     At Ms. Howell's end of year review, Ms. Key told Ms. Howell that she had passed her PIP. Ms. Key was pleased with Ms. Howell's improvement. However, Ms. Key also said that Ms. Howell's job would be at risk if she didn't maintain that improvement moving forward.

30.     Ms. Key gave Ms. Howell a rating of "meets expectations" for Q4 and cumulatively for all of 2023.

31.     Ms. Key then promoted one of Ms. Howell's peers, Emma Hedington, to her old position as the Manager, Journal Marketing.

32.     Ms. Hedington was younger than her. She was in her early 30's at the time, while Ms. Howell was 43. Based on Ms. Howell's tenure and qualifications, she should have received the promotion.

33.     Ms. Howell believes that at least one of the reasons ACS put her on the PIP was to make her ineligible for promotion due to her age.

34.     A few weeks later on New Year's Day, Ms. Howell fell while skiing and smacked her head on a hard patch of icy snow. The world went black and she saw stars.

35.     The next morning Ms. Howell felt nauseous and went to the emergency room. The doctor diagnosed her with a concussion and whiplash, and told her to take time off work to rest and recover.

36.     Ms. Howell sent a doctor's note to Ms. Key and Ms. Hedington and told them about the concussion.

37.     When Ms. Howell went to her primary care doctor the next week, Ms. Howell's doctor told her that she needed a longer recovery period because this was her third concussion in less than a decade.

38.     The doctor said that if Ms. Howell did not rest, she ran the risk of permanent brain damage. Ms. Howell's doctor advised her to work part-time hours and slowly return to full-time hours over the next four weeks.

39.     Ms. Howell sent her doctor's orders to Ms. Key. She also texted and emailed her colleagues, and made sure her desk and its workload was covered.

40.     Four weeks after her concussion, Ms. Howell went back to full-time hours at ACS.

41.     Ms. Hedington and Martin Jones (Human Resources Business Partner) sent Ms. Howell an email shortly after she returned. Mr. Jones told Ms. Howell to apply for FMLA to "protect her job."

42.     This was peculiar because she had used her accrued sick time to cover the prior four weeks when she was recovering.

43.     Mr. Jones and Ms. Hedington still forced her to go through an FMLA request process. This was doubly peculiar because at that point in time Ms. Howell was already back working full-time hours. At their insistence, Ms. Howell completed the FMLA process.

44.     In February or March 2024, ACS awarded Ms. Howell a 2% merit increase to her base salary following her end of year review.

45.     Suddenly and without warning, on April 3, 2023, Mr. Jones and Ms. Key invited Ms. Howell to a Zoom meeting. They told her that ACS was firing her because she hadn't kept up the level of performance outlined in her PIP.

46.    Ms. Howell expressed confusion because Ms. Key had told her she had passed the PIP.

47.    When Ms. Key attempted to respond, Mr. Jones cut her off and said "the decision has been made".

48.    At the time of her termination, Ms. Howell was 43 years old.

49.    As a result of Defendants' unlawful conduct, Ms. Howell has suffered loss of income, benefits, and other perquisites of employment, including continuing opportunities for promotion, advancement, recognition and increased compensation.

50.    Defendants' unlawful conduct has also caused Ms. Howell substantial emotional distress with painful physical manifestations.

51.    Ms. Howell filed a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and Office of Human Rights, District of Columbia. That charge is attached as Exhibit A to this Petition and its contents are incorporated in this Complaint as if fully set forth here.

52.    The EEOC completed its administrative processing and issued a right-to-sue letter; Ms. Howell has exhausted her administrative remedies.

53.    Ms. Howell reserves the right to amend this action to raise any appropriate cause of action with relation back to the date of filing.

## COUNT I
## VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN
## RIGHTS ACT - D.C. CODE CHAPTER 14
## SEX DISCRIMINATION

54.    Ms. Howell repeats and realleges the allegations in this Complaint as if fully set forth herein..

55.    ACS was an employer, and Ms. Howell was an employee within the meaning of the District of Columbia Human Rights Act (DCHRA), D.C. Code Chapter 14.

56.    Ms. Howell is female.

57.    Ms. Howell's sex was the motivating factor in ACS's adverse actions toward her, including but not limited to her termination.

58.    As a direct and proximate result, Ms. Howell has sustained economic and non-economic damages – including but not limited to loss of income and emotional distress – that were foreseeable to ACS.

59.    ACS's conduct intentionally harmed Ms. Howell without just cause, justifying punitive damages.

60.    Ms. Howell respectfully prays that this Court adjudge ACS liable for sex discrimination in violation of the DCHRA, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

## COUNT II
## VIOLATION OF TITLE VII
## 42 U.S.C. § 2000e-2
## SEX DISCRIMINATION

61.    Ms. Howell incorporates each and every foregoing and succeeding paragraph of this Petition as if fully set forth here.

62.    At all times relevant, Ms. Howell was an "employee" of Defendants and a protected person under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e(f).

63.    Ms. Howell is female.

64.    ACS discriminated against Ms. Howell on the basis of her sex, in violation of Title VII.

65.    Ms. Howell's sex was the motivating factor in ACS's adverse actions toward her, including but not limited to her termination in violation of 42 U.S.C. § 2000e-2(a)(1).

66.    Defendants' acts and conduct in violating Title VII were willful and/or committed with reckless disregard for Ms. Howell's protected rights, justifying an award of punitive damages.

67.    As a direct and proximate result of Defendants' willful discriminatory acts and conduct, Ms. Howell suffered and/or continues to suffer lost wages and benefits, emotional distress, and other damages and losses prayed for herein.

68.    Ms. Howell respectfully prays that this Court adjudge ACS liable for sex discrimination in violation of Title VII, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

### COUNT III
### VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT - D.C. CODE CHAPTER 14 AGE DISCRIMINATION

69.    Ms. Howell repeats and realleges the allegations in this Complaint as if fully set forth herein.

70.    ACS was an employer, and Ms. Howell was an employee within the meaning of the DCHRA, D.C. Code Chapter 14.

71.    Ms. Howell was over the age of 40 and younger than 70 at the time of the operative events set forth here.

72.    Ms. Howell's age was the motivating factor in ACS's adverse actions toward her, including but not limited to her termination.

73.    As a direct and proximate result, Ms. Howell has sustained economic and non-economic damages – including but not limited to loss of income and emotional distress – that were foreseeable to ACS.

74.    ACS's conduct intentionally harmed Ms. Howell without just cause, justifying punitive damages.

75.     Ms. Howell respectfully prays that this Court adjudge ACS liable for age discrimination in violation of the DCHRA, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

## COUNT IV
## VIOLATION OF THE AGE DISCRIMINATION
## IN EMPLOYMENT ACT
## 29 U.S.C. § 621 et seq.
## AGE DISCRIMINATION

76.     Ms. Howell incorporates each and every foregoing and succeeding paragraph of this Petition as if fully set forth here.

77.     Ms. Howell was an employee, and Defendants were employers, within the meaning and coverage of the Age Discrimination in Employment Act (ADEA).

78.     Ms. Howell was over the age of 40 and younger than 70 at the time of the operative events set forth here.

79.     Ms. Howell's age was the motivating factor in ACS's adverse actions toward her, including but not limited to her termination.

80.     As a direct and proximate result, Ms. Howell has sustained economic and non-economic damages – including but not limited to loss of income and emotional distress – that were foreseeable to ACS.

81.     ACS's conduct intentionally harmed Ms. Howell without just cause, justifying punitive damages.

82.     Ms. Howell respectfully prays that this Court adjudge ACS liable for age discrimination in violation of the ADEA, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

## COUNT V
## VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT - D.C. CODE CHAPTER 14
## DISABILITY DISCRIMINATION

83.     Ms. Howell repeats and realleges the allegations in this Complaint as if fully set forth herein.

84.     ACS was an employer, and Ms. Howell was an employee within the meaning of the DCHRA, D.C. Code Chapter 14.

85.     Ms. Howell was disabled within the meaning of the DCHRA, and / or was regarded as and / or had a record of a disability: concussion.

86.     A concussion limits one or more major life activities and / or major organ systems, including but not limited to the nervous system and motor functions.

87.     Ms. Howell was able to perform the essential functions of her job if she received reasonable accommodation.

88.     ACS failed to provide reasonable accommodation.

89.     Ms. Howell's disability was the motivating factor in ACS's adverse actions toward her, including but not limited to her termination.

90.    As a direct and proximate result, Ms. Howell has sustained economic and non-economic damages – including but not limited to loss of income and emotional distress – that were foreseeable to ACS.

91.    ACS's conduct intentionally harmed Ms. Howell without just cause, justifying punitive damages.

92.    Ms. Howell respectfully prays that this Court adjudge ACS liable for disability discrimination in violation of the DCHRA, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

## COUNT VI
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AMENMDMENT ACT
## 42 U.S.C. § 12101 et seq.
## DISABILITY DISCRIMINATION

93.    Ms. Howell incorporates each and every foregoing and succeeding paragraph of this Petition as if fully set forth here.

94.    Ms. Howell was an employee, and Defendants were employers, within the meaning and coverage of the Americans with Disabilities Act (ADAAA).

95.    Ms. Howell was disabled within the meaning of the ADAAA, and / or was regarded as and / or had a record of a disability: concussion.

96.    A concussion limits one or more major life activities and / or major organ systems, including but not limited to the nervous system and motor functions.

97.    Ms. Howell was able to perform the essential functions of her job if she received reasonable accommodation.

98.    ACS failed to provide reasonable accommodation.

99.    Ms. Howell's disability was the motivating factor in ACS's adverse actions toward her, including but not limited to her termination.

100.    As a direct and proximate result, Ms. Howell has sustained economic and non-economic damages – including but not limited to loss of income and emotional distress – that were foreseeable to ACS.

101.    ACS's conduct intentionally harmed Ms. Howell without just cause, justifying punitive damages.

102.    Ms. Howell respectfully prays that this Court adjudge ACS liable for disability discrimination in violation of the ADAAA, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

## COUNT VII
### VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT - D.C. CODE CHAPTER 14 ASSOCIATIONAL SEX DISCRIMINATION

103.    Ms. Howell repeats and realleges the allegations in this Complaint as if fully set forth herein.

104.    ACS associated Ms. Howell with women. Ms. Howell regularly advocated for other female employees and against the male-dominated culture of ACS.

105.    ACS took adverse action against Ms. Howell, including but not limited to disciplining her, terminating her employment, harassing her, and subjecting her to a hostile work environment.

106.    Ms. Howell's association with women was a motivating factor in ACS's adverse actions toward her, including but not limited to her termination.

107.    As a direct and proximate result of ACS's unlawful actions, Ms. Howell has been damaged and continues to suffer damages, including, without limitation, deprivation of income and benefits, loss of employment opportunities, emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life, and damage to her reputation and career.

108.    ACS's actions were intentional, willful, wanton, malicious, and / or reflect a reckless disregard of Ms. Howell's rights, justifying punitive damages.

109.    Ms. Howell prays that the Court find ACS liable for associational religious discrimination in violation of DCHRA, and grant all relief permitted by law, as set forth in the Prayer in this Complaint.

### COUNT VIII
### VIOLATION OF TITLE VII
### 42 U.S.C. § 2000e-2
### ASSOCIATIONAL SEX DISCRIMINATION

110.    Ms. Howell incorporates each and every foregoing and succeeding paragraph of this Petition as if fully set forth here.

111.    At all times relevant, Ms. Howell was an "employee" of Defendants and a protected person under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e(f).

112.    ACS associated Ms. Howell with women. Ms. Howell regularly advocated for other female employees and against the male-dominated culture of ACS.

113.    ACS took adverse action against Ms. Howell, including but not limited to disciplining her, terminating her employment, harassing her, and subjecting her to a hostile work environment.

114.    Ms. Howell's association with women was the motivating factor in ACS's adverse actions toward her, including but not limited to her termination.

115.    As a direct and proximate result of ACS's unlawful actions, Ms. Howell has been damaged and continues to suffer damages, including, without limitation, deprivation of income and benefits, loss of employment opportunities, emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life, and damage to her reputation and career.

116.    ACS's actions were intentional, willful, wanton, malicious, and / or reflect a reckless disregard of Ms. Howell's rights, justifying punitive damages.

117.    Ms. Howell prays that the Court find ACS liable for associational religious discrimination in violation of Title VII, and grant all relief permitted by law, as set forth in the Prayer in this Complaint.

## COUNT IX
## VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT - D.C. CODE CHAPTER 14
## RETALIATION

118.    Ms. Howell repeats and realleges the allegations in this Complaint as if fully set forth herein.

119.    ACS was an employer, and Ms. Howell was an employee within the meaning of the DCHRA, D.C. Code Chapter 14.

120.    Ms. Howell engaged in protected activity by standing up against misogyny in the workplace.

121.    Ms. Howell also engaged in protected activity by requesting reasonable accommodations to recover from her concussion.

122.    Ms. Howell's protected activity was the motivating factor in ACS's adverse actions toward her, including but not limited to ACS firing her.

123.    As a direct and proximate result, Ms. Howell has sustained economic and non-economic damages – including but not limited to loss of income and emotional distress – that were foreseeable to ACS.

124.    ACS's conduct intentionally harmed Ms. Howell without just cause, justifying punitive damages.

125.    Ms. Howell respectfully prays that this Court adjudge ACS liable for retaliation in violation of the DCHRA, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

## COUNT X
## VIOLATION OF TITLE VII, THE ADAAA, AND THE ADEA
### 42 U.S.C. § 2000e-2; 42 U.S.C. § 12101 et seq.; 29 U.S.C. § 621 et seq.
### RETALIATION

126.    Ms. Howell repeats and realleges the allegations in this Complaint as if fully set forth herein.

127.    ACS was an employer, and Ms. Howell was an employee within the meaning of Title VII, the ADAAA, and ADEA.

128.    Ms. Howell engaged in protected activity by standing up against misogyny in the workplace.

129.    Ms. Howell also engaged in protected activity by requesting reasonable accommodations to recover from her concussion.

130.    Ms. Howell's protected activity was the motivating factor in ACS's adverse actions toward her, including but not limited to ACS firing her.

131.    As a direct and proximate result, Ms. Howell has sustained economic and non-economic damages – including but not limited to loss of income and emotional distress – that were foreseeable to ACS.

132.    ACS's conduct intentionally harmed Ms. Howell without just cause, justifying punitive damages.

133.    Ms. Howell respectfully prays that this Court adjudge ACS liable for retaliation in violation of Title VII, the ADAA, and ADEA, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

## PRAYER FOR RELIEF

Ms. Howell respectfully requests that this Court grant judgment for her and order the following relief against Defendants, believed to be in excess of $25,000:

1.    Actual damages, including both economic and non-economic damages, including garden-variety emotional distress damages;

2.    Nominal and/or statutory damages;

3.    Punitive damages;

4.    Pre-judgment and post-judgment interest at the maximum legal rate;

5.    Declaratory and injunctive relief including backpay, reinstatement, and/or frontpay, an order barring Defendants from further violations of the law, deletion of negative personnel references, and adjustment of any amounts awarded for taxation.

6.    The costs of this action;

7.    Reasonable attorney's fees; and

8.    Any other and further legal and/or equitable relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Superior Court Rules of Civil Procedure, Ms. Howell demands a trial by jury of all issues so triable as of right.

Dated: October 23, 2024

Respectfully submitted,

**HKM EMPLOYMENT ATTORNEYS LLP**

*/s/ Tiffany Joseph Goodson*

Tiffany Goodson, DC Bar. No. 481878
1325 G Street NW, Suite 558,
Washington, DC 20005
Tel: (202) 919-5952
tjosephgoodson@hkm.com

-&-

**KEENAN & BHATIA, LLC**

Edward (E.E.) Keenan  (Mo. #62993)
*Pro hac vice forthcoming*
Sonal Bhatia          (Mo. #67519)
*Pro hac vice forthcoming*
4600 Madison Ave. Ste. 810
Kansas City, MO  64112
Tel: (816) 809-2100
ee@keenanfirm.com
sonal@keenanfirm.com

*Attorneys for Plaintiff Brooke Howell*

# Superior Court of the District of Columbia

## CIVIL DIVISION - CIVIL ACTIONS BRANCH
## INFORMATION SHEET

Brooke Howell
_____
Plaintiff(s)

vs

American Chemical Society, ACS Publications Inc., ACS International, ACS INTL LTD LLC, ACS Limited Ireland
_____
Defendant(s)

Case Number: _____ 2024-CAB-006715 _____

Date: October 23, 2024

[✔] One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| **Name:** *(Please Print)* <br> Tiffany Joseph Goodson | **Relationship to Lawsuit** <br> [✔] Attorney for Plaintiff |
| **Firm Name:** <br> HKM Employment Attorneys LLP | [ ] Self (Pro Se) |
| **Telephone No.:**       **DC Bar No.:** <br> (202) 919-5952        481878 | [ ] Other: _____ |

TYPE OF CASE:   [ ] Non-Jury       [ ] 6 Person Jury       [✔] 12 Person Jury

Demand: $ To be determined _____       Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____   Judge: _____   Calendar #: _____

Case No.: _____   Judge: _____   Calendar #: _____

---

### NATURE OF SUIT:      *(Check One Box Only)*

**CONTRACT**
- [ ] Breach of Contract
- [ ] Breach of Warranty
- [ ] Condo/Homeowner Assn. Fees
- [ ] Contract Enforcement
- [ ] Negotiable Instrument

**COLLECTION/INS. SUB**
- [ ] Debt Collection
- [ ] Insurance Subrogation
- [ ] Motion/Application for Judgment by Confession
- [ ] Motion/Application Regarding Arbitration Award

**EMPLOYMENT DISPUTE**
- [ ] Breach of Contract
- [✔] Discrimination
- [ ] Wage Claim
- [ ] Whistle Blower
- [ ] Wrongful Termination

---

**REAL PROPERTY**
- [ ] Condo/Homeowner Assn. Foreclosure
- [ ] Declaratory Judgment
- [ ] Drug Related Nuisance Abatement

- [ ] Ejectment
- [ ] Eminent Domain
- [ ] Interpleader

- [ ] Other
- [ ] Quiet Title
- [ ] Specific Performance

- [ ] **FRIENDLY SUIT**
- [ ] **HOUSING CODE REGULATIONS**
- [ ] **QUI TAM**
- [ ] **STRUCTURED SETTLEMENTS**

---

**ADMINISTRATIVE PROCEEDINGS**
- [ ] Administrative Search Warrant
- [ ] App. for Entry of Jgt. Defaulted Compensation Benefits
- [ ] Enter Administrative Order as Judgment
- [ ] Libel of Information
- [ ] Master Meter
- [ ] Petition Other

- [ ] Release Mechanics Lien
- [ ] Request for Subpoena

**MALPRACTICE**
- [ ] Medical  - [ ] Other
- [ ] Wrongful Death

**APPLICATION FOR INTERNATIONAL FOREIGN JUDGMENT**

**AGENCY APPEAL**
- [ ] Dangerous Animal Determination
- [ ] DCPS Residency Appeal
- [ ] Merit Personnel Act (OEA)
- [ ] Merit Personnel Act (OHR)
- [ ] Other Agency Appeal

---

CV-496/February 2023

# Information Sheet, Continued

**CIVIL ASSET FORFEITURE**
- ☐ Currency
- ☐ Other
- ☐ Real Property
- ☐ Vehicle

**NAME CHANGE/VITAL RECORD AMENDMENT**
- ☐ Birth Certificate Amendment
- ☐ Death Certificate Amendment
- ☐ Gender Amendment
- ☐ Name Change

**TORT**
- ☐ Abuse of Process
- ☐ Assault/Battery
- ☐ Conversion
- ☐ False Arrest/Malicious Prosecution
- ☐ Libel/Slander/Defamation
- ☐ Personal Injury
- ☐ Toxic Mass
- ☐ Wrongful Death (Non-Medical Malpractice)

**GENERAL CIVIL**
- ☐ Accounting
- ☐ Deceit (Misrepresentation)
- ☐ Fraud
- ☐ Invasion of Privacy
- ☐ Lead Paint
- ☐ Legal Malpractice
- ☐ Motion/Application Regarding Arbitration Award
- ☐ Other - General Civil

- ☐ Product Liability
- ☐ Request for Liquidation
- ☐ Writ of Replevin
- ☐ Wrongful Eviction

**CIVIL I/COMPLEX CIVIL**
- ☐ Asbestos

**MORTGAGE FORECLOSURE**
- ☐ Non-Residential
- ☐ Residential

**STATUTORY CLAIM**
- ☐ Anti – SLAPP
- ☐ Consumer Protection Act
- ☐ Exploitation of Vulnerable Adult
- ☐ Freedom of Information Act (FOIA)
- ☐ Other

**TAX SALE FORECLOSURE**
- ☐ Tax Sale Annual
- ☐ Tax Sale Bid Off

**VEHICLE**
- ☐ Personal Injury
- ☐ Property Damage

☐ **TRAFFIC ADJUDICATION APPEAL**

☐ **REQUEST FOR FOREIGN JUDGMENT**

_/s/ Tiffany Joseph Goodson_

Filer/Attorney's Signature

October 23, 2024

Date

CV-496/February 2023

eFiled
12/20/2024 10:32:38 AM
Superior Court
of the District of Columbia

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

**Brooke Howell**

Plaintiff/Petitioner

vs.

**ACS Publications Inc. et al.**

Defendant/Respondent

Cause No.: **2024-CAB-006715**
Hearing Date: **01/24/2025**

AFFIDAVIT OF SERVICE OF
**SUMMONS; COMPLAINT**

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named below, and is competent to be a witness therein.

On the **12th day of December, 2024** at **12:18 PM** at the address of **1800 M St NW Ste 450N, Washington, DC 20036;** this affiant served the above described documents upon **American Chemical Society c/o ReAgent, Inc.** by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **Alison Bonn, I delivered the documents to Alison Bonn who identified themselves as the person in charge with identity confirmed by subject showing identification. The individual accepted service with direct delivery. The individual appeared to be a blonde-haired white female contact 25-35 years of age, 5'4"-5'6" tall and weighing 80-120 lbs.**

No information was provided or discovered that indicates that the subjects served are members of the U.S. military.

_____   14/12/24

**Emily Sommer**

Residing or doing business at: **800 4th Street SW #N603, Washington, DC 20024**

Subscribed and sworn to before me this **12** day of **December**, 20**24**.

_____

Notary Public / Deputy Clerk

10 | 14 | 2029

My commission expires

LEMANUEL L. STEVENS
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires October 14, 2029

REF: **Howell, Brooke (DC)**

PAGE 1 OF 1
**ORIGINAL AFFIDAVIT OF
SERVICE**





Tracking #: 0151856529

eFiled
12/20/2024 10:32:38 AM
Superior Court
of the District of Columbia

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

**Brooke Howell**

Plaintiff/Petitioner

vs.

**ACS Publications Inc. et al.**

Defendant/Respondent

Cause No.:    **2024-CAB-006715**
Hearing Date: **01/24/2025**

AFFIDAVIT OF SERVICE OF
**SUMMONS; COMPLAINT**

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named below, and is competent to be a witness therein.

On the **12th day of December, 2024** at **12:18 PM** at the address of **1800 M St NW Ste 450N, Washington, DC 20036**; this affiant served the above described documents upon **ACS International c/o ResAgent, Inc.** by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **Alison Bonn, I delivered the documents to an individual who identified themselves as the person in charge with identity confirmed by subject showing identification. The individual accepted service with direct delivery. The individual appeared to be a blonde-haired white female contact 25-35 years of age, 5'4"-5'6" tall and weighing 80-120 lbs.**

No information was provided or discovered that indicates that the subjects served are members of the U.S. military.

_Emily Sommer_                                    n/17/27

**Emily Sommer**

Residing or doing business at:    **800 4th Street SW #N603, Washington, DC 20024**

Subscribed and sworn to before me this ___12___ day of ___December___, 20_24_.

_____
Notary Public / Deputy Clerk

10 | 14 | 2029
_____
My commission expires

LEMANUEL L. STEVENS
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires October 14, 2029





Tracking #: **0151856607**